Green, J.
delivered the opinion of the court.
By the act of 1S01, ch. 11, sec. 2, it is made the duty of the, sheriff upon receiving the writ and declaration in ejectment, to serve the declaration m ejectment on the tenant in possession, as was practised before the passage of that act, and also at the same time to serve the writ and take abail bond. Before this statute no writ issued in ejectment, but the declaration was the only process, and its delivery to the tenant in possession being the only warning which he received of the proceedings of the claimant, the courts were careful that a proper delivery should .be made, and that the nature and contents of the declaration be explained at the time to the party to whom it was delivered. This delivery and explanation are termed the service of the declaration. Adams on Ejectment, 209.
The act of assembly before referred to prescribes, that, in addition to the service of the writ, it shall be the duty of the sheriff “to serve the declaration in ejectment on the tenant in possession as heretofore.” This service of the declaration then is now as indispensable as it was before the passage of the act requiring the issuance of a writ, otherwise the party has not due notice to appear and defend. But if the service of the declaration is necessary, some proof of that service must be made. Formerly it was .proved by the the affidavit of the party serving it. But as our act of assembly requires the sheriff to serve it when he serves the writ, his return that he has done so is the evidence of the fact. The return on the writ, “executed,” does not prove that the declaration was served. It proves only that the writ had been served, a good service of which might .well be made without the party seeing the declaration. In addition to the absence of all proof by the return that the declaration was served, the sheriff by his affidavit proved that it was not served. He says, that *470 he did not deliver and leave with the tenant a copy, he only read the declaration to him. It was lus duty to read and explain the declaration, but its delivery is the important act that constitutes the service, and none having taken place here, there was no service.
It follows from what has been said, that this default was taken without due notice to the tenant in possession. It was therefore irregular, and the court below ought to have set it aside as a matter of course. Adams on Ejectment, 225. In any description of case such an irregularity in the service of process would have been sufficient ground to set aside the judgment. 2 Hay. Rep. 73. But in ejectment the court will allow excuses for defaults to protect the possession which in other cases would not be received. 1 Caine’s Ca. 503.
We are of opinion, therefore, that in this case the judgment by default ought to have been set aside, although the motion was made at the succeeding term, and that a writ of restitution should have been awarded. 1 Caine’s Cas. 503: 5 Taunt, 205: 2 Hay. Rep. 73. This not having been done the judgment will be reversed, and the cause will be remanded to be proceeded in as herein directed.
Judgment reversed.